IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Avenue NW, Suite 1100<br>Washington, DC 20005; and<br><br>BENJAMIN FELDMAN<br>116 4th Street SE<br>Washington, DC 20003,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>GINA MCCARTHY, in her official<br>Capacity as Administrator, United States<br>Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460,<br><br>　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("CAA"), 42 U.S.C. § 7401 <u>et. seq</u>. and the declaratory judgment statute, 28 U.S.C. §§ 2201 and 2202.

2. Environmental Integrity Project and Benjamin Feldman (collectively, "Plaintiffs") seek an order declaring that the Defendant, the Administrator of the Environmental Protection Agency ("Administrator"), is required, pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny a petition filed by Plaintiffs to object

1

to the air pollution operating permit ("Mettiki Title V Permit") for Mettiki Coal, LLC's coal preparation/processing plant located in Oakland, Maryland ("Mettiki plant") and an order requiring the Administrator to perform her non-discretionary duty to grant or deny such petition.

## JURISDICTION, VENUE AND NOTICE

3. This action arises under the citizen suit provision of the CAA. 42 U.S.C. § 7604(a)(2). This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201. The relief requested by Plaintiffs is authorized by 28 U.S.C. §§ 2201 and 2202. This Court has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d).

4. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, this suit is being brought against the Administrator in her official capacity as an officer or employee of the United States Environmental Protection Agency, located in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1291(e).

5. By certified letter posted August 6, 2013, Plaintiffs gave notice to Defendant of the violations alleged herein. See Exhibit A. More than 60 days have passed since Defendant received the notice letter, and Plaintiffs have thereby complied with the 60-day notice requirement of the CAA's citizen suit provision. 42 U.S.C. § 7604(b)(2). Defendant has not acted to remedy the violations alleged in this complaint, and an actual controversy exists between the parties.

## PARTIES

6. Plaintiff BENJAMIN FELDMAN owns real property located approximately two miles from the Mettiki plant. Mr. Feldman's property has been adversely affected by the Mettiki plant during air pollution events which have resulted in visible deposition from the plant falling on Mr. Feldman's house, automobile, and personal effects left outdoors. Mr. Feldman is directly harmed by air pollution emissions from the Mettiki plant and by the Administrator's failure to respond to issues raised in Plaintiffs' petition.

7. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP"), based in Washington, D.C., was founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the CAA and large stationary sources of air pollution like the Mettiki plant. EIP's ability to monitor CAA compliance and enforcement is adversely affected when Title V permits are issued with monitoring requirements inadequate for assuring compliance with air pollution limits.

8. Defendant GINA MCCARTHY is the Administrator of the United States Environmental Protection Agency ("EPA"), and, in that role, is charged with implementing the requirements of the CAA. Specifically, the Administrator is statutorily required to grant or deny petitions asking EPA to object to Title V permits.

**LEGAL BACKGROUND**

9. The primary purpose of the Clean Air Act is to" protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act added Title V, creating an operating permit program that applies to Mettiki. See 42 U.S.C. §§ 7661-7661f.

10. In writing the CAA, Congress decided that "air pollution control at its source is the primary responsibility of States and local governments." 42 U.S.C. § 7401(a)(3).

Section 502(d)(1) of the CAA calls upon each state to develop and submit to EPA an operating permit program to improve compliance with, and enforcement of, federal air quality requirements. 42 U.S.C. § 7661a(d). Correctly implemented, the Title V program "will enable the source, States, EPA, and the public to understand better the requirements to which the source is subject, and whether the source is meeting those requirements." 57 Fed. Reg. 32,251 (July 21, 1992).

11. Permits issued under the Title V program ("Title V permits") are required to "set forth inspection, entry, monitoring, compliance certification, and reporting requirements to assure compliance." 42 U.S.C. § 7661c(c).

12. Before a state can issue a Title V permit, the state must forward the proposed Title V permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. 42 U.S.C. § 7661d(b)(1). EPA must object to the permit issuance if EPA finds that the permit does not comply with all applicable provisions of the CAA. Id. If EPA does not object to the permit issuance, then "any person may petition the Administrator within 60 days" of the end of EPA's review period to request that EPA object. 42 U.S.C. § 7661d(b)(2).

13. Once EPA has received a petition requesting that it object to the issuance of a permit, it has a non-discretionary duty to grant or deny the petition within 60 days. Id.; see also New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 2 (D.D.C. 2002). If a state issues a final Title V permit and EPA subsequently exercises its authority to object to the permit, then EPA "shall modify, terminate, or revoke such permit." 42 U.S.C. § 7661d(b)(3).

14. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

15. The Mettiki plant is operated by Mettiki Coal, LLC and located at 293 Table Rock Road, Oakland, Maryland, 21550. As a byproduct of preparing coal for combustion, Mettiki emits air pollutants including particulate matter, nitrogen oxides, and sulfur dioxide.

16. The Maryland Department of the Environment (MDE) issued a draft Title V permit for the Mettiki plant on August 17, 2012. EIP submitted comments on September 17, 2012. Mr. Feldman, for whom MDE extended the comment period, submitted comments on October 5, 2012. Mr. Feldman's comments included the issues that would later be the basis for Plaintiffs' petition.

17. The EPA 45-day review period ended on December 7, 2012. EIP and Mr. Feldman timely filed a petition for objection on February 5, 2013, less than 60 days after the end of the 45-day review period. The petition was based on objections that were raised during the notice and comment period. EIP and Mr. Feldman objected to monitoring requirements that are insufficient to assure compliance with emission limits for particulate matter and sulfur dioxide.

## CAUSE OF ACTION

FAILURE TO RESPOND TO PLAINTIFFS' PETITION TO EPA REQUESTING
OBJECTION TO THE METTIKI TITLE V PERMIT

[42 U.S.C. § 7661d(b)(2)]

18. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-17.

19. On February 5, 2013, EIP and Mr. Feldman submitted to Defendant a petition to object to the Mettiki Title V Permit.  The Clean Air Act required Defendant to act on Plaintiffs' petition within 60 days of the filing.  42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such a petition within 60 days after the petition is filed.")  This is a non-discretionary duty.

20. It has been more than 60 days since Defendant received the petition requesting that EPA object to the Mettiki Title V Permit.  Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary within the meaning of CAA section 304(a)(2).  42 U.S.C. § 7604(a)(2).

21. Therefore, Defendant has violated and remains in violation of its non-discretionary duty to grant or deny the Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d (b)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

> A. declare that Defendant's failure to grant or deny the Plaintiffs' petition for objection to the Mettiki Title V Permit constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of 42 U.S.C. § 7604(a)(2);

B. order the Defendant to grant or deny the petition for objection to the Mettiki Title V Permit in accordance with an expeditious schedule prescribed by the Court;

C. retain jurisdiction over this action to ensure compliance with the Court's Order;

D. award Plaintiffs their costs and fees related to this action; and

E. grant such other relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Jennifer Duggan_____
Jennifer Duggan (formerly Peterson)
D.C. Bar Number: 978352
Environmental Integrity Project
1,000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
Tel: (802) 225-6774
Fax: (202) 296-8822
Email: jduggan@environmentalintegrity.org

Counsel for Plaintiffs

DATED: November 14, 2013